# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LATONYA RENA CLARK**                                                     **PLAINTIFF**

**v.**                                             **CIVIL CASE NO. 3:18-CV-56-RP**

**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

## **JUDGMENT**

This cause is before the Court on the Plaintiff's complaint pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of the Social Security Administration finding that plaintiff was no longer disabled as of August 31, 2015. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the record, the administrative transcript, the briefs of the parties, and the applicable law and having heard oral argument, finds as follows, to-wit:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument during the hearing held in this matter, the Court finds the Commissioner's decision is not supported by substantial evidence. Specifically, the ALJ failed to consider all the relevant evidence in finding the plaintiff's mental impairments do not meet the paragraph B criteria of listing 12.05.

According to the ALJ, who found the plaintiff has marked limitations in interacting with others, the paragraph B criteria of listing 12.05 are not met because the plaintiff does not have significant deficits in adaptive functioning manifested by an extreme limitation of one, or marked limitation of two, in the listed areas of mental functioning. However, the ALJ did not consider

all the relevant evidence bearing on the plaintiff's limitations in the ability to adapt or manage oneself. According to 12.00E4, this area of mental functioning includes the ability to maintain well-being in a work setting, an example of which is "maintaining personal hygiene and attire appropriate to a work setting." Although the ALJ noted in his decision the plaintiff's report to the consultative examiner that she does not need assistance with her personal grooming, there is no mention of the many clinical notations in the plaintiff's Region One Mental Health records for the relevel time period documenting her poor grooming skills and personal hygiene. These notations support Martha Lattimore's assessment of the plaintiff's "poor" ability to maintain her personal appearance. The ALJ's failure to consider this abundant evidence bearing directly on the plaintiff's ability to adapt or manage herself was error and prejudiced the plaintiff.

The Commissioner's decision terminating benefits is reversed and remanded with instructions to consider the aforementioned evidence when determining whether the plaintiff has an impairment or combination of impairments which meets or medically equals the criteria of a listed impairment and, as appropriate, at any subsequent steps.

This, the 8th day of November, 2018.

    /s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE